# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-1483V

|  |  |
|---|---|
| TERRY CASEY,<br><br>                          Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                          Respondent. | Chief Special Master Corcoran<br><br>Filed: December 17, 2025 |

*Richard Christian Macke, R. Christian Macke, Newport, KY, for Petitioner.*

*Dorian Hurley, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 11, 2022, Terry Casey filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration or, in the alternative, a recurring right upper arm abscess, resulting from an influenza vaccine received on October 10, 2019. Petition, ECF No. 1. On September 18, 2024, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 47.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $103,970.00 in attorney's fees, consisting of 185.00 hours billed by attorney Richard Macke at the hourly rate of $562.00. Petitioner's counsel did not submit a request for litigation costs or any evidence that any out-of-pocket expenses were incurred by Petitioner in this matter. See Application for Attorneys' Fees and Costs ("Motion") filed April 22, 2025, ECF No. 51.

Respondent reacted to the Motion on May 6, 2025, stating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent also noted, however, that he considers the total hours claimed by counsel excessive, and that counsel's Kentucky location made application of forum rates inappropriate. ECF No. 52 at 2-5. Petitioner filed a reply on May 7, 2025, wherein he adjusted his hourly rate to the lesser amount of $500.00, and reduced his total number of hours billed to 180.70, reflecting an *amended request for* final attorney's fees in the total amount of $90,350.00. ECF No. 53.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

2

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley,* 461 U.S. at 434.

## ATTORNEY FEES

*A. Hourly Rates*

Petitioner's counsel, Mr. Richard C. Macke, is requesting the hourly rate of $500.00 for work performed in the 2020-25 timeframe. While lower than what was originally requested, the rate requires further evaluation and adjustment.

Mr. Macke practices in Covington, Kentucky and has been licensed since 1992. He was admitted to this Court in 2014. ECF No. 51 at 2. Based on the OSM Fee Schedules, Mr. Macke is eligible for rates in the range of attorneys with 20 - 30 years of experience for work performed in the 2020-22 timeframe,[3] and the range of attorneys with 31+ years of experience for all work performed in subsequent years. I incorporate by reference all of the explanatory notes contained in the Fee Schedules. The rate of $500.00 would therefore exceed his applicable experience ranges based on these schedules for the 2020-22 timeframe. It would also be improper to award a rate on the higher end of the experience ranges, when those rates are reserved for Program attorneys with demonstrated experience handling Vaccine Act matters.

In addition, although Mr. Macke has significant experience as a licensed attorney and as part of the Program, this matter appears to be only Counsel's second case to reach the fees stage. And Mr. Macke has yet to receive established hourly rates for his work in the Program. I note that experience handling Vaccine Act cases is highly relevant to what hourly rates an attorney should receive. *See McCulloch v. Sec'y of Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly

---

[3] The Vaccine Program's Attorney's Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claim's website: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

Thus, based on my experience and judgment applying the factors relevant to determining reasonable hourly rates, I hereby award Mr. Macke the following: $400.00 for 2020; $420.00 for 2021; $440.00 for 2022; $460.00 for 2023; $480.00 for 2024; and $500.00 for 2025. These rates represent a more reasonable annual increase and account for his overall experience and quality of work performed. **Application of the foregoing reduces the amount of fees to be awarded herein by $10,072.00.**[4]

*B. Administrative Tasks and Block Billing*

A review of the billing records reveal several charges for non-compensable work and/or tasks considered administrative in nature, some of which are grouped together with billable tasks, making it difficult to decipher the amount of time spent on each task.[5]

In the Vaccine Program, block-billing (billing large amounts of time without sufficient detail as to what tasks were performed, and how much time was expended on each individual task) is clearly disfavored. See *Broekelschen v. Sec'y of Health & Hum. Servs*., 2008 U.S. Claims LEXIS 399, at *13-14 (Fed. Cl. Spec. Mstr. Dec. 17, 2008) (reducing

---

[4] This amount consists of reducing Mr. Macke's hourly rates for 2020-24 and is calculated as follows: ($500.00 - $400.00 = $100.00 x 12.20 hours billed in 2020) + ($500.00 - $420.00 = $80.00 x 26.80 hours billed in 2021) + ($500.00 - $440.00 = $60.00 x 78.10 hours billed in 2022) + ($500.00 - $460.00 = $40.00 x 38.30 hours billed in 2023) + ($500.00 - $480.00 = $20.00 x 24.50 hours billed in 2024) = $10,072.00 in fees to be reduced.

[5] Tasks considered administrative and thus, non-compensable include faxing documents, filing documents via CM/ECF, bate-stamping exhibits, organizing medical records for filing, reviewing and/or paying invoices, and researching basic aspects of the Vaccine Program. This is not a comprehensive list of tasks that can be deemed non-compensable in the Program. The following are examples of administrative work charged by Mr. Macke, some of which are improperly block-billed with attorney or paralegal level work: 6/3/21: "Research regarding threatened removal of SIRVA from table (1.10 hrs.)." 7/6/22: "Lengthy review of entire record on DVDs, identification and generation of hard copies of important pages, prepare affidavit for Terry signature (5.0 hrs.)." 9/12/22: "Initial PAR work up, review updates to VICP rules, including shoulder injury, related to vaccine administration rule, annotate records for petition and reference, detail review, finalize, review petition (4.0 hrs.)." 9/13/22: "Continue draft PAR work up, identify record events for Petition, review updates to VICP rules, including shoulder injury, detail review, revise petition (3.3 hrs.)." 10/9/22 (four entries): "Telephone calls to pacer and court regarding electronic filing helpdesk, old registration, not working, new registration pending, unable to access system (2.3 hrs.); Telephone call to Joe Taylor regarding e-filing without access to Pacer (0.5 hrs.); Telephone conference to vaccine administration helpdesk regarding electronic filing (0.3 hrs.);  Review RCFC rules in detail regarding format, service, electronic filing, tips for filing, holidays, extensions of time (1.8 hrs.); Review paper document filing procedures because pacer is not working (1.0 hrs.)." 10/11/22: "File documents electronically (2.8 hrs.)." *See* ECF No. 51-1 at 4-10 and ECF No. 53-1 at 4-10.

petitioner's attorneys' fees for block-billing); see also *Jeffries v. Sec'y of Health & Hum. Servs*., 2006 U.S. Claims LEXIS 411, at *8 (Fed Cl. Spec. Mstr. Dec. 15, 2006); *Plott v. Sec'y of Health & Hum. Servs*., 1997 U.S. Claims LEXIS 313, at *5 (Fed. Cl. Spec. Mstr. Apr. 23, 1997). Indeed, the Vaccine Program's Guidelines for Practice state that "[e]ach task should have its own line entry indicating the amount of time spent on that task."[6] Counsel is admonished that tasks should be billed in increments of one-tenth of an hour since several tasks lumped together in one-time entry frustrates the Court's ability to assess the reasonableness of the request.

Additionally, secretarial or administrative tasks should not be billed at all, regardless of who performs such task. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. It is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program. See, e.g*., Rochester* v. *U.S*., 18 Cl. Ct. 379, 387 (1989) (noting that tasks "primarily of a secretarial and clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates."). See *Mostovoy* v. *Sec'y of Health & Hum. Servs*., No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Bennett* v. *Dep't of Navy*, 699 F.2d 1140, 1145 n.5 (Fed. Cir. 1983). See also *Floyd* v. *Sec'y of Health & Human Servs*., No. 13-556V, 2017 WL 1344623, at *5 (Fed. Cl. Spec. Mstr. Mar. 2, 2017).

Likewise, "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program," and this prohibition includes any cost of bar admission, and any research related thereto. See *Matthews v. Sec'y of Health & Human Servs*., No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Special Masters have held that "an inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Human Servs*., No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007).

### C. Paralegal Tasks Improperly Billed by Attorney

I have also identified many tasks considered to be paralegal in nature that were improperly billed at the attorney's hourly rate. Worse, many of these entries are block-billed with attorney level work, making difficult to decipher the amount of time spent on

---

[6] See Guidelines for Practice at 76:
https://www.uscfc.uscourts.gov/guidelines-practice-under-national-vaccine-injury-compensation-program

Case 1:22-vv-01483-UNJ    Document 57    Filed 01/21/26    Page 6 of 8


each individual task.[7] Counsel should note that "[t]asks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." See *Riggins v. Sec'y of Health & Human. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). *Turpin v. Sec'y of Health & Human. Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008). Indeed, Attorneys may be compensated for paralegal-level work, but only at a rate that is comparable to that of a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human. Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human. Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). Accordingly, Counsel must ensure to apply paralegal forum rates based on the fee schedules cited *supra*, for each year he performs paralegal-level work in Program matters.

### D. Excessive Charges

Besides the above, the fees award must also be reduced due to excessive time expended in review of electronic filing notifications and/or reviewing routine scheduling orders. The invoices show that Mr. Macke billed a total of 12.90 hours on such tasks alone, at the rate of $500.00, and that several of these entries were charged in increments of over eighteen minutes. Many of the scheduling orders issued in this matter were for non-pdf docket entries or otherwise merely one-page in length, however, thus not requiring over 10-minutes of review by Counsel. And I did not include in this calculation hours billed for the review of extensive documents such as the PAR initial order, stipulations or status reports. Special Masters have previously reduced attorney fees for such types of excessive billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-

---

[7] Tasks considered paralegal in nature include drafting and revising exhibit lists and other routine documents such as PAR questionnaire, notices of filing exhibits, cover sheets, statements of completion, drafting requests for medical records and following up on medical records requests. The following billing entries charged by Mr. Macke reflect paralegal work, some of which are block-billed with attorney level work: 10/6/21: "Telephone conference with doctor offices, staff and billing departments re: record authentication and authorizations forms (2.2 hrs.)." 10/8/21: "Procure certified copies of medical records, letters to St. Elizabeth, vascular surgeon, St. Elizabeth Family Physicians, Vascular Surgery, St. Elizabeth Hospital, continue working on petition (1.5 hrs.)." 7/27/22: "Draft, revise, finalize and fax letters regarding St. Elizabeth Vascular Surgery records (0.5 hrs.)." 7/28/22: "Draft and fax medical records requests for Dr. Durrani, Dr. Eldridge offices, certified record requests (1.2 hrs.)." 7/29/22: "Resend January 7, 2021 letter to Dr. Eldridge regarding timeline (0.3 hrs.)." 9/26/22: "Draft PAR questionnaire, create chronology with records references, compliant with VICP rules, continue petition (4.0 hrs.)." 10/5/22 (two entries): "Draft letter to Dawn at Saint Elizabeth regarding rush records (0.5 hrs.); Supplement requests for Saint Elizabeth hospital records and certified records…(1.0 hrs.)." 10/7/22: "Prepare exhibits plus cover sheets, including certifications…(13.00 hrs.)." 10/21/22; 10/28/22; 11/5/22; 11/24/22; 3/2/23; 4/6/23 (two entries); 5/5/23 (two entries); 8/29/23; 9/7/23; 9/8/23; 11/29/23; 3/13/24; 12/2/24. *See* ECF No. 53-1.

103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

### E.  Summary of Fees Reduction

Attorneys' fees are awarded for the number of hours reasonably expended on the litigation. *See Avera v. Sec'y of Health & Hum. Servs.,* 515 F.3d 1343, 1347 (Fed. Cir. 2008). Because Petitioner succeeded in this matter, her entitlement to fees cannot be disputed – but the fees incurred must still be *reasonable.* Here, the overall fees sought are egregiously high, especially compared to SPU cases generally. Indeed, the fees sought *exceed* Petitioner's recovery by more than *fifty thousand dollars* – for a kind of claim that did not pose thorny legal or medical issues. And as discussed above, the billing records reveal a number of exorbitant billing practices compounding the high fees claimed in this matter, and demonstrating Counsel's inexperience representing Petitioners in the Program. Counsel must in the future ensure not to bill sums to a matter where the disparity between time expended by counsel and the Petitioner's award is so readily evident.

Special Masters have discretion to, "reduce the hours to a number that, in [his] experience and judgment, [are] reasonable for the work done." *Saxton ex rel. Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1522 (Fed. Cir. 1993). In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged, rather than engage in a line-by-line review of the invoices submitted. *See Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Hum. Servs.*, 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction of attorney and paralegal hours). In determining reasonable hours, a special master has discretion to exclude hours expended that are "'excessive, redundant, or otherwise unnecessary'" based on his or her experience or judgment." *Hocraffer v. Health & Hum. Servs.*, No. 99-533V, 2011 WL 6292218, at *3 (Fed. Cl. Nov. 22, 2011).

Here, such an overall percentage cut is reasonable given the exorbitant fees claimed and the aforementioned issues. Accordingly, I hereby reduce the total fees to be awarded

7

herein by *forty percent* as a fair adjustment. Application of the foregoing reduces the total amount of fees to be awarded herein by an additional **$32,111.20**.[8]

## LITIGATION COSTS

Petitioner's counsel did not request reimbursement of any litigation costs and/or out-of-pocket expenses incurred herein. See ECF Nos. 51 and 53. Thus, no evaluation of costs is warranted.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorney's fees and costs in the total amount of $48,166.80[9] to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[10]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[8] This amount is calculated as follows: ($90,350.00 - $10,072.00) = $80,278.00 x 0.40% = $32,111.20. Thus, the overall fees reduction consists of: ($80,278.00 - $32,111.20) = $48,166.80 in total fees to be awarded herein.

[9] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[10] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.